CANTU V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-005-CR

JOEL GILBERTO CANTU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF CLAY COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Joel Gilberto Cantu attempts to appeal his convictions of burglary of a habitation and aggravated kidnapping.  After the jury found Appellant guilty of both offenses, it assessed Appellant’s punishment at five years’ confinement and a $1,000 fine in each case; the court ordered the sentences to run concurrently.  We dismiss the appeal for want of jurisdiction.

Pursuant to Rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within 30 days after the date sentence is imposed, or within 90 days after the date sentence is imposed if the defendant files a timely motion for new trial. 
 Tex. R. App. P. 26.2(
a).  Appellant’s sentences were imposed on March 6, 2003.  Therefore, Appellant’s notice of appeal was due April 7, 2003, but was not filed until December 31, 2003.  
See
 
Tex. R. App. P.
 26.2(a)(1).

On January 9, 2004, we notified Appellant of the apparent untimeliness of the notice of appeal and stated we would dismiss the appeal unless we received a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
44.3.  Appellant’s response does not contain reasons showing grounds for continuing the appeal.

Because Appellant’s notice of appeal was untimely, we have no jurisdiction over this appeal.  
See Olivo v. State
, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996); 
see also Slaton v. State
, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998).  Accordingly, we dismiss this appeal for want of jurisdiction.     

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  February 5, 2004 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.